Helen F. Dalton & Associates, P.C.
Puja Sharma (PS 5933)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

FILED
CLERK

2016 JUN 16 PM 12: 40

U.S. DISTRI...
EASTERN DISTRI...
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# CV 16      3162

---------------------------------------------------------------------X

CRISTIAN CASTONEDA, SERGIO PEREZ MEJIA, and
FRANCISCO PARRA-DELACRUZ, individually and on behalf
of all others similarly situated,

                               Plaintiffs,

       -against-

TREES R US, INC. and TRACEY RECENELLO, an individual,

                               Defendants.

---------------------------------------------------------------------X

**COLLECTIVE ACTION
COMPLAINT**

**JURY TRIAL
DEMANDED**

**AZRACK, J.**

**TOMLINSON, M.J.**

1. Plaintiffs, **CRISTIAN CASTONEDA, SERGIO PEREZ MEJIA, and FRANCISCO PARRA-DELACRUZ, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

<u>**PRELIMINARY STATEMENT**</u>

2. Plaintiffs, **CRISTIAN CASTONEDA, SERGIO PEREZ MEJIA, and FRANCISCO PARRA-DELACRUZ, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **TREES R US, INC. and TRACEY RECENELLO, an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at TREES R US, located at 99 South Saxon Avenue, Bayshore, NY 11706.

3. Plaintiff **CRISTIAN CASTONEDA** was employed by Defendants from in or around April 2014 until on or around April 11, 2016.

4. Plaintiff **SERGIO PEREZ MEJIA** was employed by Defendants from in or around November 2013 until on or around April 11, 2016.

5. Plaintiff **FRANCISCO PARRA-DELACRUZ** was employed by Defendants from in or around 2008 until on or around April 11, 2016.

6. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

8. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

11. Plaintiff CRISTIAN CASTONEDA residing at 137 Wittbert Street, Brentwood, NY, was employed by Defendants at TREES R US, INC. from in or around April 2014 until on or around April 11, 2016.

12. Plaintiff SERGIO PEREZ MEJIA residing at 49 2nd Street, Brentwood, NY, 11706 was employed by Defendants at TREES R US, INC. from in or around November 2013 until on or around April 11, 2016.

13. Plaintiff FRANCISCO PARRA-DELACRUZ residing at 290 Broadway, Amityville, NY 11701, was employed by Defendants at TREES R US, INC. from in or around 2008 until on or around April 11, 2016.

14. Upon information and belief, Defendant, TREES R US, INC, is a corporation organized under the laws of New York with a principal executive office at 99 South Saxon Avenue, Bayshore, NY 11706.

2

15. Upon information and belief, Defendant, TREES R US, INC., is a corporation authorized to do business under the laws of New York.

16. Upon information and belief, Defendant TRACEY RECENELLO owns and/or operates TREES R US, INC.

17. Upon information and belief, Defendant TRACEY RECENELLO is the Chairman of the Board of TREES R US, INC.

18. Upon information and belief, Defendant TRACEY RECENELLO is the Chief Executive Officer of TREES R US, INC.

19. Upon information and belief, Defendant TRACEY RECENELLO is an agent of TREES R US, INC.

20. Upon information and belief, Defendant TRACEY RECENELLO has power over personnel decisions at TREES R US, INC.

21. Upon information and belief, Defendant TRACEY RECENELLO has power over payroll decisions at TREES R US, INC.

22. Defendant TRACEY RECENELLO has the power to hire and fire employees at TREES R US, INC., establish and pay their wages, set their work schedule, and maintains their employment records.

23. During all relevant times herein, Defendant TRACEY RECENELLO was Plaintiffs' employer within the meaning of the FLSA and NYLL.

24. On information and belief, TREES R US, INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

25. Plaintiff CRISTIAN CASTONEDA was employed by Defendants at TREES R US, INC. from in or around April 2014 until on or around April 11, 2016.

26. During Plaintiff CRISTIAN CASTONEDA'S employment by Defendants at TREES R US, INC., Plaintiff's primary duties were as a tree cutter, pruner, driver, cleaner,

3

and performing other miscellaneous duties from in or around April 2014 until on or around April 11, 2016.

27. Plaintiff CRISTIAN CASTONEDA was paid by Defendants approximately $25 per hour from in or about April 2014 until on or around September 2014 and approximately $32 per hour from in or around October 2014 until in or around April 11, 2016.

28. Although Plaintiff CRISTIAN CASTONEDA worked approximately 60 (sixty) hours or more per week during the period of his employment by Defendants from in or around April 2014 until on or around April 11, 2016, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

29. Plaintiff SERGIO PEREZ MEJIA was employed by Defendants at TREES R US, INC. from in or around November 2013 until on or around April 11, 2016.

30. During Plaintiff SERGIO PEREZ MEJIA'S employment by Defendants at TREES R US, INC., Plaintiff's primary duties were as a tree cutter, pruner, cleaner, and performing other miscellaneous duties from in or around November 2013 until on or around April 11, 2016.

31. Plaintiff SERGIO PEREZ MEJIA was paid by Defendants approximately $20.00 per hour from in or about November 2013, approximately $27.00 per hour from in or around December 2013 until in or around November 2014, and approximately $33 per hour from in or around December 2014 until in or around April 11, 2016.

32. Although Plaintiff SERGIO PEREZ MEJIA worked approximately 60 (sixty) hours or more per week during the period of his employment by Defendants from in or around November 2013 until on or around April 11, 2016, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

33. Plaintiff FRANCISCO PARRA-DELACRUZ was employed by Defendants at TREES R US, INC. from in or around 2008 until on or around April 11, 2016.

34. During Plaintiff FRANCISCO PARRA-DELACRUZ' employment by Defendants at TREES R US, INC., Plaintiff's primary duties were as a tree cutter, pruner, driver,

cleaner, and performing other miscellaneous duties from in or around 2008 until on or around April 11, 2016.

35. Plaintiff FRANCISCO PARRA-DELACRUZ was paid by Defendants approximately $36 per hour from in or about June 2010 until on or around December 2013, approximately $41 per hour from in or around January 2014 until in or around December 2015, and approximately $46 per hour from in or around January 2015 until in or around April 11, 2016.

36. Although Plaintiff FRANCISCO PARRA-DELACRUZ worked approximately 60 (sixty) hours or more per week during the period of his employment by Defendants from in or around 2008 until on or around April 11, 2016, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

37. Upon information and belief, Defendants contracted with governmental agencies such as the City of New York Department of Parks and Recreation to perform tree removal and pruning in Richmond and Kings Counties.

38. Pursuant to NYLL §220, wages to a tree cutter/pruner employed upon public work shall not be paid less than the "prevailing rate of wages."

39. The prevailing rate of wage is the rate of wages paid in the locality due to collective bargaining agreements between labor organizations and employers of the private sector.

40. Upon information and belief, a schedule of prevailing rates of wages was attached to the contracts Defendants entered into with governmental agencies.

41. The Defendants did not pay the Plaintiffs the prevailing rate of wages that they were entitled to.

42. Additionally, the Defendants maintained a system wherein they only paid Plaintiffs for approximately 30 hours of work despite the fact that the Plaintiffs and other similarly situated employees worked well above 30 hours.

43. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

44. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

45. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are:

47. Collective Class: All persons who are or have been employed by the Defendants as tree cutters, pruners, drivers, laborers, cleaners, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

48. Upon information and belief, Defendants employed between 30 and 50 employees within the past three years subjected to similar payment structures.

49. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

50. Upon information and belief, Defendants failed to pay Plaintiffs and the Collective Class at the prevailing wage rates for work performed pursuant to contracts with governmental agencies.

51. Upon information and belief, Defendants failed to pay Plaintiffs and the Collective Class for their work performed after 30 hours per week.

52. Defendants' unlawful conduct has been widespread, repeated, and consistent.

53. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

54. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

55. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

56. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

57. The claims of Plaintiffs are typical of the claims of the putative class.

58. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

59. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

60. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

61. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

62. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

63. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

64. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the

regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

65. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

66. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

67. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

68. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

69. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

70. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

71. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

72. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

73. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

74. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

75. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§§201, 202 and 203, by failing to pay certain Plaintiffs wages for at least 4 hours of at least one workday, if not more.

76. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

77. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

78. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

79. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

80. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

81. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

82. Defendants failed to record, credit or compensate some of the Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652 for at least four hours of at least one workday.

83. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

84. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

85. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

86. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

87. Defendants are liable to Plaintiffs in the amount of $2,500.00 each, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

88. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

89. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

90. Defendants are liable to Plaintiffs in the amount of $2,500.00 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

91. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

92. Defendants failed to provide pay the Plaintiffs the prevailing wage rates for their work performed for governmental agencies.

93. Defendants are liable for breach of those contracts but willfully failing to pay Plaintiffs at the prevailing wage rates.

94. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs minimum wages;

d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 6th day of June of 2016.

Roman Avshalumov, Esq. (RA 5508)
Puja Sharma, Esq. (PS 5933)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CRISTIAN CASTONEDA, SERGIO PEREZ MEJIA, and FRANCISCO PARRA-DELACRUZ,
individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

TREES R US, INC. and TRACEY RECENELLO, an individual,

Defendants.

---

SUMMONS & COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.

Attorneys for Plaintiffs

69-12 Austin Street

Forest Hills, NY 11375

Phone (718) 263-9591

Fax (718) 263-9598

---

**TO:**
**TREES R US, INC.**
**99 SOUTH SAZON AVENUE**
**BAYSHORE, NY 11706**


**TRACEY RECENELLO**
**99 SOUTH SAZON AVENUE**
**BAYSHORE, NY 11706**