UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CRISTIAN CASTONEDA, SERGIO PEREZ MEJIA
And FRANCISCO PARRA-DELACRUZ, individually
And on behalf of all others similarly situated,

                    Plaintiffs,

v.

TREES R US, INC. and TRACEY RECENELLO,
An individual

                    Defendants.
------------------------------------------------------------X

| |
|---|
| **DOCKET NO.: 16-CV-3162 (JMA-AKT)** |
| |
| **ANSWER WITH AFFIRMATIVE DEFENSES** |

Defendants, TREES R US, INC. and TRACEY RECENELLO (collectively referred to as "Defendants") by their attorneys ROSEN LAW LLC, as and for an Answer to the Complaint herein, respectfully alleges as follows:

## PARTIES

1.      Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "1" of the Complaint.

2.      Defendants deny the allegations set forth in paragraph "2" of the Complaint.

3.      Defendants admit the allegations set forth in paragraph "3" of the Complaint.

4.      Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "4" of the Complaint.

5.      Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "5" of the Complaint.

6.      Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "6" of the Complaint.

## JURISDICTION AND VENUE

7.      Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "7" of the Complaint.

8.      Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "8" of the Complaint.

9.      Defendants deny the allegation set forth in paragraph "9" of the Complaint.

10.      Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "10" of the Complaint.

11.      Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "11" of the Complaint.

12.      Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "12" of the Complaint.

13.      Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "13" of the Complaint.

14.      Defendants admit the allegation set forth in paragraph "14" of the Complaint.

15.      Defendants admit the allegation set forth in paragraph "15" of the Complaint.

16.      Defendants admit the allegation set forth in paragraph "16" of the Complaint.

17.     Defendants admit the allegation set forth in paragraph "17" of the Complaint.

18.     Defendants admit the allegation set forth in paragraph "18" of the Complaint.

19.     Defendants admit the allegation set forth in paragraph "19" of the Complaint.

20.     Defendants admit the allegation set forth in paragraph "20" of the Complaint.

21.     Defendants admit the allegation set forth in paragraph "21" of the Complaint.

22.     Defendants admit the allegation set forth in paragraph "22" of the Complaint.

23.     Defendants deny the allegations set forth in paragraph "23" of the Complaint.

24.     Defendants deny the allegations set forth in paragraph "24" of the Complaint.

25.     Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "25" of the Complaint.

26.     Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "26" of the Complaint.

27.     Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "27" of the Complaint.

28.     Defendants deny the allegation set forth in paragraph "28" of the Complaint.

29.     Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "29" of the Complaint.

30.     Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "30" of the Complaint.

31.     Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "31" of the Complaint.

32.     Defendants deny the allegation set forth in paragraph "32" of the Complaint.

33.     Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "33" of the Complaint.

34.     Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "34" of the Complaint.

35.     Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "35" of the Complaint.

36.     Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "36" of the Complaint.

37.     Defendants deny the allegation set forth in paragraph "37" of the Complaint.

38.     Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "38" of the Complaint.

39.     Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "39" of the Complaint.

40.     Defendants deny knowledge and information sufficient to form a belief as to the allegation set forth in paragraph "40" of the Complaint.

41.     Defendants deny the allegation set forth in paragraph "41" of the Complaint.

42.     Defendants deny the allegation set forth in paragraph "42" of the Complaint.

43.     Defendants deny the allegation set forth in paragraph "43" of the Complaint.

44.     Defendants deny the allegation set forth in paragraph "44" of the Complaint.

45.     Defendants deny the allegation set forth in paragraph "45" of the Complaint.

46.     Defendants deny the allegation set forth in paragraph "46" of the Complaint.

47.     Defendants deny the allegation set forth in paragraph "47" of the Complaint.

48.     Defendants deny the allegation set forth in paragraph "48" of the Complaint.

49.     Defendants deny the allegation set forth in paragraph "49" of the Complaint.

50.     Defendants deny the allegation set forth in paragraph "51" of the Complaint.

51.     Defendants deny the allegation set forth in paragraph "52" of the Complaint.

52.     Defendants deny the allegation set forth in paragraph "53" of the Complaint.

53.     Defendants deny the allegation set forth in paragraph "53" of the Complaint.

54.     Defendants deny the allegation set forth in paragraph "54" of the Complaint.

55.     Defendants deny the allegation set forth in paragraph "55" of the Complaint.

56.     Defendants deny the allegation set forth in paragraph "56" of the Complaint.

57.     Defendants deny the allegation set forth in paragraph "57" of the Complaint.

58.     Defendants deny the allegation set forth in paragraph "58" of the Complaint.

59.     Defendants deny the allegation set forth in paragraph "59" of the Complaint.

60.     Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "61" of the Complaint.

61.     Defendants deny the allegations set forth in paragraph "62" of the Complaint.

62.     Defendants deny the allegations set forth in paragraph "63" of the Complaint.

63.     Defendants deny the allegations set forth in paragraph "64" of the Complaint.

64.     Defendants deny the allegations set forth in paragraph "65" of the Complaint.

65.     Defendants deny the allegations set forth in paragraph "60" of the Complaint.

66.     Defendants deny the allegations set forth in paragraph "68" of the Complaint.

67.     Defendants deny the allegations set forth in paragraph "69" of the Complaint.

68.     Defendants deny the allegations set forth in paragraph "70" of the Complaint.

69.     Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "72" of the Complaint.

70.     Defendants deny the allegations set forth in paragraph "73" of the Complaint.

71.     Defendants deny the allegations set forth in paragraph "74" of the Complaint.

72.     Defendants deny the allegations set forth in paragraph "75" of the Complaint.

73.     Defendants deny the allegations set forth in paragraph "76" of the Complaint.

74.     Defendants deny the allegations set forth in paragraph "77" of the Complaint.

75.     Defendants deny the allegations set forth in paragraph "78" of the Complaint.

76.     Defendants deny the allegations set forth in paragraph "80" of the Complaint.

77.     Defendants deny the allegations set forth in paragraph "81" of the Complaint.

78.     Defendants deny the allegations set forth in paragraph "82" of the Complaint.

79.     Defendants deny the allegations set forth in paragraph "83" of the Complaint.

80.     Defendants deny the allegations set forth in paragraph "84" of the Complaint.

81.     Defendants deny the allegations set forth in paragraph "86" of the Complaint.

82.     Defendants deny the allegations set forth in paragraph "87" of the Complaint.

83.     Defendants deny the allegations set forth in paragraph "89" of the Complaint.

84.     Defendants deny the allegations set forth in paragraph "90" of the Complaint.

85.     Defendants deny the allegations set forth in paragraph "92" of the Complaint.

86.     Defendants deny the allegations set forth in paragraph "93" of the Complaint.

87.     Defendants deny the allegations set forth in paragraph "94" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

88.     Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "87" as if the same were set forth fully and in their entirety herein.

89.     Plaintiffs have failed to exhaust their administrative remedies under New York Labor Law Section 220.

90.     By reason of the foregoing, the Complaint against Defendants should be dismissed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

91.     Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "90" as if the same were set forth fully and in their entirety herein.

92.     The Complaint fails to state a cause of action against Defendants. Some or all of the claims made in the Complaint fail to set forth a claim for which relief may be granted.

93.     By reason of the foregoing, the Complaint against Defendants should be dismissed.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

94.     Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "93" as if the same were set forth fully and in their entirety herein.

95.     There is a prior action pending for the same relief sought herein.

96.     By reason of the foregoing, the Complaint against Defendants should be dismissed.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

97.     Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "96" as if the same were set forth fully and in their entirety herein.

98.     Defendants complied with all requirements under federal and state law with regard to payment of wages to its employees, including the payment of overtime wages.

99.     By reason of the foregoing, the Complaint against Defendants should be dismissed.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

100.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "99" as if the same were set forth fully and in their entirety herein

101.    Plaintiffs' claims are barred, in whole or in part, by statutes of limitations.

102.    By reason of the foregoing, the Complaint against Defendants should be dismissed.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

103.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "102" as if the same were set forth fully and in their entirety herein.

104.    Defendants complied with all requirements under federal and state law in good faith reliance on case law.

105.    Defendants acted as a reasonably prudent person or company would have acted under the same or similar circumstances with regard to the payment of overtime wages and Spread of Hours pay to Plaintiffs.

106.    By reason of the foregoing, the Complaint against Defendants should be dismissed.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

107.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "106" as if the same were set forth fully and in their entirety herein.

108.    Defendants complied with all requirements under federal and state law in good faith reliance on orders of the New York State Department of Labor as interpreted by the courts of the United States.

109.    By reason of the foregoing, the Complaint against Defendants should be dismissed.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

110.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "109" as if the same were set forth fully and in their entirety herein.

111.    Defendants acted in good faith and had no actual or constructive notice of a violation of the Fair Labor Standards Act ("FLSA").

112.    Defendants had reasonable grounds to believe that its conduct complied with the FLSA.

113.    By reason of the foregoing, the Complaint against Defendants should be dismissed.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

114.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "113" as if the same were set forth fully and in their entirety herein.

115.    Plaintiffs' claims are barred by equitable estoppel.

116.    By reason of the foregoing, the Complaint against Defendants should be dismissed.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

117.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "116" as if the same were set forth fully and in their entirety herein.

118.    Defendants were not properly served with the summons and complaint in conformity with the Federal Rules of Civil Procedure and/or New York Civil Practice Rules and Laws.

119.    By reason of the foregoing, the Complaint against Defendants should be dismissed.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

120.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "119" as if the same were set forth fully and in their entirety herein.

121.    The Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by the doctrine of laches.

122.    By reason of the foregoing, the Complaint against Defendants should be dismissed.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

123.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "124" as if the same were set forth fully and in their entirety herein.

124.    The Complaint, and each claim purported to be alleged therein, is barred in whole or in part, by the doctrine of waiver.

125.    By reason of the foregoing, the Complaint against Defendants should be dismissed.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

126.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "127" as if the same were set forth fully and in their entirety herein.

127.    Plaintiffs were non-covered employees under the FLSA exempt from being paid overtime wages.

128.    By reason of the foregoing, the Complaint against Defendants should be dismissed.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

129.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "130" as if the same were set forth fully and in their entirety herein.

130.    Defendants properly paid Plaintiffs for all hours worked.

131.    By reason of the foregoing, the Complaint against Defendants should be dismissed.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

132.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "133" as if the same were set forth fully and in their entirety herein.

133.    Plaintiffs were not entitled to any overtime pay as alleged in the complaint.

134.    By reason of the foregoing, the Complaint against Defendants should be dismissed.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

135.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "136" as if the same were set forth fully and in their entirety herein.

136.    The Complaint is barred, in whole or in part, pursuant to, *inter alia* 29 U.S.C. § 258 and 259(a), as Defendants have acted in good faith and in reliance upon applicable regulations and interpretations with regard to some or all of the acts or omissions alleged in the Complaint.

137.    By reason of the foregoing, the Complaint against Defendants should be dismissed.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

138.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "139" as if the same were set forth fully and in their entirety herein.

139.    Defendants are entitled to a set off of any amounts paid to Plaintiffs in wages to which Plaintiffs had no entitlement.

140.    The sums of money paid by Defendants to Plaintiffs during Plaintiffs' employment encompassed regular pay in addition to overtime pay.

141.    By reason of the foregoing, the Complaint against Defendants should be dismissed.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

142.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "143" as if the same were set forth fully and in their entirety herein.

143.    Defendants acted in good faith and had no actual or constructive notice of a violation of the New York Labor Law ("NYLL").

144.    Defendants had reasonable grounds to believe that its conduct complied with the NYLL.

145.    By reason of the foregoing, the Complaint against Defendants should be dismissed.

## AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

146.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "147" as if the same were set forth fully and in their entirety herein.

147.    Plaintiff's claims are barred by unclean hands.

148.    By reason of the foregoing, the Complaint against Defendants should be dismissed.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

149.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "150" as if the same were set forth fully and in their entirety herein.

150.    Plaintiffs are not entitled to damages, to the extent that Plaintiffs failed to mitigate their alleged damages.

151.   By reason of the foregoing, the Complaint against Defendants should be dismissed.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

152.   Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "153" as if the same were set forth fully and in their entirety herein.

153.   Plaintiffs failed to allege in the complaint the specific dates and times when Plaintiffs worked for Defendants for which Plaintiffs' claim unpaid overtime wages under the FLSA and the NYLL.

154.   By reason of the foregoing, the Complaint against Defendants should be dismissed.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

155.   Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "156" as if the same were set forth fully and in their entirety herein.

156.   The Plaintiffs are estopped from bringing a cause of action under the FLSA or from receiving time and one-half for all hours worked because, among other things, to the extent they worked overtime, Plaintiffs voluntarily, and without Defendants' knowledge, under-reported their hours of work, accepted the denominated rate of pay, and/or failed to comply with the prevailing terms, conditions, policies, and procedures governing his employment, including the policies and procedures governing overtime.

157.    By reason of the foregoing, the Complaint against Defendants should be dismissed.

<b>AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE</b>

158.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "159" as if the same were set forth fully and in their entirety herein.

159.    Defendants acted in a commercially reasonable manner.

160.    By reason of the foregoing, the Complaint against Defendants should be dismissed.

<b>AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE</b>

161.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "162" as if the same were set forth fully and in their entirety herein.

162.    Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own culpable conduct.

163.    By reason of the foregoing, the Complaint against Defendants should be dismissed.

<b>AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE</b>

164.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "165" as if the same were set forth fully and in their entirety herein.

165.    Any violations which Defendants may be liable for were not done by willful acts or omissions.

166.   By reason of the foregoing, the Complaint against Defendants should be dismissed.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

167.   Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "168" as if the same were set forth fully and in their entirety herein.

168.   At all relevant times, Defendants acted reasonably and/or in good faith towards Plaintiffs and has not violated any rights which may be secured to Plaintiffs under applicable law.

169.   By reason of the foregoing, the Complaint against Defendants should be dismissed.

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

170.   Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "171" as if the same were set forth fully and in their entirety herein.

171.   Defendants reserve the right to assert additional Affirmative Defenses as this matter progresses.

172.   By reason of the foregoing, the Complaint against Defendants should be dismissed.

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

173.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "174" as if the same were set forth fully and in their entirety herein.

174.    This Court lacks personal jurisdiction over Defendants..

175.    By reason of the foregoing, the Complaint against Defendants should be dismissed.

**AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE**

176.    Defendants repeat and reallege each and every answer, denial and affirmative defense as set forth in paragraphs "1" through "175" as if the same were set forth fully and in their entirety herein.

177.    If Plaintiffs sustained any injury, damage or loss by reason of any act, error or omission on the part of Defendants, said injury, damage or loss must be reduced on the basis of comparative fault or negligence of Plaintiffs, or others, which contributed to and proximately caused any such injury, damage or loss.

178.    By reason of the foregoing, the Complaint against Defendants should be dismissed.


**WHEREFORE,** Defendants respectfully pray for judgment as follows:

a.    Dismissing the Complaint in its entirety, with prejudice;

b.    Awarding the Defendants the costs and disbursements of this action; and

c.      Such other and further relief as this Court deems just, equitable and

proper.

Dated: July 3, 2016
          Great Neck, New York

GARY ROSEN, ESQ. (GR-8007)
Rosen Law LLC
Attorneys for Defendants
1010 Northern Boulevard, Suite 322
Great Neck, New York 11021
516-437-3400
Email: grosen@rosenlawllc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CRISTIAN CASTONEDA, SERGIO PEREZ MEJIA
And FRANCISCO PARRA-DELACRUZ, individually
And on behalf of all others similarly situated,

                Plaintiffs,

v.

TREES R US, INC. and TRACEY RECENELLO,
An individual

                Defendants.
-------------------------------------------------------------X

> **DOCKET NO.: 16-CV-3162
> (JMA-AKT)**
>
>
> **CERTIFICATE OF SERVICE**

       I hereby certify that on July 4, 2016, the Answer to the Complaint with

Affirmative Defenses was filed with the Clerk of the Court via CM/ECF and served in

accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local

Rules, and/or the Eastern District's Rules on Electronic Service upon the following

parties and participants via email:

            Roman Avshalumov, Esq.
            Puja Sharma, Esq.
            Helen F. Dalton & Associates PC
            Attorneys for Plaintiffs
            69-12 Austin Street
            Forest Hills, New York 11375

Dated: July 3, 2016
       Great Neck, New York

                            _____
            GARY ROSEN, ESQ. (GR-8007)
            Rosen Law LLC
            Attorneys for Defendants
            1010 Northern Boulevard, Suite 322
            Great Neck, New York 11021
            516-437-3400
            Email: grosen@rosenlawllc.com

**DOCKET NO.  16-CV-3162 (JMA-AKT)**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CRISTIAN CASTONEDA, SERGIO PEREZ MEJIA
And FRANCISCO PARRA-DELACRUZ, individually
And on behalf of all others similarly situated,

                     Plaintiff,

v.

TREES R US, INC. and TRACEY RECENELLO,
An individual

                     Defendants.

**DEFENDANTS' ANSWER**
**WITH AFFIRMATIVE DEFENSES**

**SIGNATURE (RULE 11)**

_____
**GARY ROSEN, ESQ. (GR-8007)**

                  **ROSEN LAW LLC**
      **1010 NORTHERN BOULEVARD, SUITE 322**
        **GREAT NECK, NEW YORK 11021**
            **(516)-437-3400**

**TO:**
**ATTORNEY(S) FOR:**

**SERVICE OF A COPY OF THE WITHIN**             **IS HEREBY ADMITTED**

**DATED:**               _____

                **ATTORNEY(S) FOR _____**

23